UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:09-CR-64-1F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| AARON COPPEDGE, | ) | |
| Defendant. | ) | |

This matter is before the court on the *pro se* Motion to Appoint New Counsel and Motion for Copy of Discovery Materials [DE-148] filed by Defendant Aaron Coppedge ("Coppedge"). In the *pro se* filing, it appears that Coppedge is dissatisfied with the services of his court-appointed attorney and requests new counsel. Specifically, Coppedge states that "there's A conflict of Intrest with Steven Hight being back on my Case After a Jury Trial oF Guilty...feels as if he doesn't have my best Intrest in Dealing with my case but working with the Government Glenn Perry." Coppedge further states that he doesn't "feel ComFortable with [Steven Hight] on my Case anymore and I'm Requesting A NEW CJA Appointed Attorney."

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right...to have the Assistance of Counsel for his defence." Although the Sixth Amendment affords a criminal defendant the counsel of his choosing, "the *right to counsel of choice* does not extend to defendants who require counsel to be appointed for them." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006) (emphasis added). Here, Coppedge is being represented by an experienced court-appointed attorney. As there is no evidence of any conflicting interest or a "total

lack of communication," *United States v. Reevey*, 364 F.3d 151, 156 (4th Cir. 2004), Coppedge's motion for new counsel is **DENIED**. Counsel for Coppedge is advised to make efforts to resolve any concerns that his client may have as it relates to his case. After such communication, if counsel finds it necessary, a motion to withdraw may be filed, at which time, the court will consider such request.

Coppedge also requests that a copy of discovery materials be provided. It appears that counsel for Coppedge has possession of the discovery materials and therefore, to the extent that Coppedge requests a copy of these discovery materials from counsel, that request is **DENIED**. However, counsel for Coppedge is advised to sufficiently apprise Coppedge of the nature of the discovery materials, if he has not done so already, and address any further inquiries that Coppedge may have relating to his case.

SO ORDERED.

This the 9 day of July, 2012.

_____
JAMES C. FOX
Senior United States District Judge