| | |
|---|---|
| AARON COPPEDGE, )  |  |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

This matter is before the court on Aaron Coppedge's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-215, -219, -221].[1] Also before the court are the Government's Motion to Dismiss or, in the Alternative, for Summary Judgment [DE-224] and Coppedge's Motion for Stay [DE-229]. The issues have been fully briefed, and the matters are now ripe for ruling. For the reasons more fully stated below, the Government's Motion for Summary Judgment is ALLOWED, Coppedge's Motion to Vacate is DENIED, and Coppedge's Motion for Stay is DENIED.

## I. Factual and Procedural Background

On July 9, 2009, Coppedge was charged in each count of a six-count indictment. *See* Indictment [DE-1]. In Count One, Coppedge was charged with conspiracy to distribute and possess with the intent to distribute more than fifty grams of cocaine base (crack), in violation of 21 U.S.C. § 846. *See id.* Counts Two, Three, and Four charged Coppedge with distribution of five grams or more of cocaine base (crack) and aiding and abetting, in violation of 21 U.S.C.

---

[1] Coppedge's initial attempt to initiate a claim for relief under 28 U.S.C. § 2255 was a non-conforming document [DE-215], which was filed on January 9, 2015. At the court's direction, Coppedge later filed "conforming" motions [DE-219, -221].

§ 841(a)(1) and 18 U.S.C. § 2. *See id.* In Count Five, Coppedge was charged with distribution of five grams or more of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). *See id.* Count Six charged Coppedge with possession with intent to distribute fifty grams or more of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). *See id.*

At Coppedge's arraignment, held on January 20, 2010, he pled not guilty on all counts. Following a three-day trial, the jury returned a verdict of guilty on all six counts.

The court held Coppedge's sentencing hearing on May 13, 2010. Coppedge was sentenced to life imprisonment on Counts One and Six, and 360 months' imprisonment on Counts Two through Five, to be served concurrently. *See* Judgment [DE-97].

On May 28, 2010, Coppedge filed a Notice of Appeal [DE-101]. In an unpublished opinion, the Fourth Circuit Court of Appeals affirmed Coppedge's convictions, vacated his sentence for the conspiracy and distribution counts, and remanded the case for resentencing in light of *United States v. Simmons*, 648 F.3d 237 (4th Cir. 2011) (en banc). *See* Unpublished Opinion [DE-130].

The court held a resentencing hearing on August 8, 2012. Coppedge was resentenced to 360 months' imprisonment on Counts One through Six, to be served concurrently. *See* Amended Judgment [DE-161]. Coppedge filed Notices of Appeal [DE-160, -163]. In an unpublished per curiam opinion, the Fourth Circuit affirmed the judgment of this court. *See* Unpublished Opinion [DE-184].

On January 9, 2015, Coppedge filed the instant *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-215, -219, -221]. In his § 2255 motion, Coppedge raises the following issues: (1) his attorney provided ineffective assistance of counsel by failing to request an informant jury instruction; (2) his attorney provided ineffective assistance

2

of counsel by failing to argue that he should be sentenced based on the drug quantity that carried the least statutory penalty; (3) in light of *Riley v. California*, 134 S. Ct. 2473 (2014), his Fourth Amendment rights were violated; (4) the jury received an erroneous instruction on aiding and abetting; (5) his due process rights were violated when former detective and case agent Rose Edmonds was indicted and convicted for acts of similar misconduct; (6) his appellate attorney provided ineffective assistance of counsel by failing to raise the Fair Sentencing Act of 2010; (7) he is actually innocent of various enhancements to his advisory guideline range based on drug amounts, a leadership role, and a firearm; and (8) he is actually innocent of being a career offender. On March 3, 2015, the Government filed its Motion to Dismiss or, in the Alternative, for Summary Judgment [DE-224], which the court construes as a Motion for Summary Judgment.

## II. Legal Standard

Summary judgment is appropriate where there is no genuine issue of material fact and it appears that the moving party is entitled to judgment as a matter of law. *United States v. Lee*, 943 F.2d 366, 368 (4th Cir. 1991) (applying the summary judgment standard to a motion to vacate). Any permissible inferences which are drawn from the underlying facts must be viewed in a light most favorable to the nonmoving party. *Matsushita Elec. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). Summary judgment is appropriate when the record taken as a whole could not lead a trier of fact to find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

## III. Discussion

**A. Motion to Vacate**

**1. Coppedge has failed to raise a genuine issue of material fact in claims one, two, and six.**

Coppedge has raised three ineffective assistance of counsel claims. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The petitioner bears the burden of proof as to both prongs of the *Strickland* standard. *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010). Under the first prong, the petitioner must show that his counsel's representation "fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Strickland*, 466 U.S. at 688. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. As for the second prong, the petitioner must demonstrate that his counsel's inadequate performance was prejudicial to him. *Id.* at 687. Specifically, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Id.* The court will apply the *Strickland* standard to each of Coppedge's ineffective assistance of counsel claims.

**a. Coppedge alleges that his attorney provided ineffective assistance by failing to request an informant jury instruction.**

In his first claim, Coppedge alleges that his attorney provided ineffective assistance by failing to request an informant jury instruction. Mem. Law [DE-221-1] at 2-3. Citing *United*

4

*States v. Luck*, 611 F.3d 183 (4th Cir. 2010), Coppedge argues that his attorney's failure to request an informant instruction prejudiced the outcome of his trial because the jury was not warned to evaluate the informant's testimony with special caution. *Id.*

This claim must fail because it is belied by the record. Prior to the start of Coppedge's trial, his attorney proposed the following relevant instruction:

> The testimony of an alleged accomplice, and the testimony of one who provides evidence against a Defendant as an informer for pay or for immunity from punishment or for personal advantage or vindication, must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses. You, the jury, must decide whether the witness's testimony has been affected by any of those circumstances, or by the witness's interest in the outcome of the case, or by prejudice against the Defendant, financially or as a result of being immunized from prosecution. You should keep in mind that such testimony is always to be received with caution and weighed with great care.
> You should never convict any Defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

*See* Def's Prop. Jury Instructions [DE-69-14] at 1. During Coppedge's trial, the jury was instructed as follows:

> Similarly, the testimony of an informant, someone who provides evidence against someone else for money or to escape punishment for his own misdeeds or crimes or for other personal reason or advantage, must be examined and weighed with greater care than the testimony of a witness who is not so motivated.
> You must determine whether the informer's testimony has been affected by self-interest or by the agreement that he has with the government or his own interest in the outcome of this case or by prejudice against the defendant.

*See* February 5, 2010 Tr. [DE-121] at 70-71.

The informant instruction given by the court at Coppedge's trial was similar to the instruction proposed by his attorney. Because Coppedge's attorney requested an informant instruction and the court gave an informant instruction, Coppedge has failed to raise a genuine issue of material fact under either prong of the *Strickland* standard. Consequently, the

5

Government is entitled to summary judgment on Coppedge's first claim.

### b. Coppedge alleges that his attorney provided ineffective assistance by failing to argue that he should be sentenced based on the drug quantity that carried the least statutory penalty.

Coppedge alleges in his second claim that his attorney provided ineffective assistance by failing to argue that he should be sentenced based on the drug quantity that carried the least statutory penalty. Mem. Law [DE-221-1] at 4-6. Coppedge contends that if his attorney had moved to have the court follow Fourth Circuit precedent, he would have received a sentence of five years on Counts Two through Five, to run concurrently. *Id.* at 5.

Coppedge's argument suggests he misunderstands how he was sentenced. Coppedge was sentenced based upon the drug quantities alleged in the indictment. For Counts One and Six, the advisory guideline range was 360 months to life. *See* August 8, 2012 Tr. [DE-178] at 3. As for Counts Two through Five, the advisory guideline range was 360 months. *Id.* Counts One and Six were punishable by not less than twenty years nor more than life imprisonment. Counts Two through Five were punishable by not less than ten years nor more than life imprisonment. On remand, Coppedge was resentenced to 360 months' imprisonment on Counts One through Six, to be served concurrently. *See* Amended Judgment [DE-161]. All six sentences were within the statutory minimum and maximum for each count of conviction, 21 U.S.C. § 841(b)(1)(B), (C), and the advisory guideline range calculated at the resentencing hearing, *see* August 8, 2012 Tr. [DE-178] at 3.

Coppedge has failed to raise a genuine issue of material fact regarding whether his attorney's performance fell below an objective standard of reasonableness when he failed to argue that Coppedge should be sentenced based on the drug quantity that carried the least

6

statutory penalty. *See Moore v. United States,* 934 F.Supp. 724, 731 (E.D. Va. 1996) (holding that failure to raise a meritless argument can never amount to ineffective assistance). Moreover, even if Coppedge's attorney had raised the issue, Coppedge has failed to show a reasonable probability that it would have resulted in a sentence of five years on Counts Two through Five, to run concurrently. Thus, this claim fails under both prongs of the *Strickland* standard. The Government is entitled to summary judgment on Coppedge's second claim.

### c. Coppedge alleges that his appellate attorney provided ineffective assistance by failing to raise the Fair Sentencing Act of 2010.

In his sixth claim, Coppedge alleges that his appellate attorney provided ineffective assistance by failing to raise the Fair Sentencing Act of 2010. Mem. Law [DE-221-1] at 17-18. Coppedge contends that if his appellate attorney had raised this argument, his sentence would have been reduced to five years on each count. *Id.* at 18.

The Fair Sentencing Act ("FSA"), which took effect on August 3, 2010, increased the quantities of crack required to trigger mandatory minimum sentences. In *Dorsey v. United States,* 132 S. Ct. 2321 (2012), the Supreme Court held that the FSA's "new, lower mandatory minimums . . . apply to the post-Act sentencing of pre-Act offenders." 132 S. Ct. at 2335.

In this case, Coppedge was resentenced on August 8, 2012, after the effective date of the FSA. As noted, Coppedge was found guilty of Counts One through Six. In Count One, Coppedge was found guilty of conspiracy to distribute and possess with the intent to distribute more than fifty grams of cocaine base (crack), in violation of 21 U.S.C. § 846. In Counts Two, Three, and Four, Coppedge was found guilty of distribution of five grams or more of cocaine base (crack) and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. In

Count Five, Coppedge was found guilty of distribution of five grams or more of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). In Count Six, Coppedge was found guilty of possession with intent to distribute fifty grams or more of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). Under the FSA, the penalties in Counts One and Six would have been not less than five years nor more than forty years' imprisonment. Counts Two through Five under the FSA would have been not more than twenty years' imprisonment.

As alleged in the indictment, Coppedge was subject to an enhanced penalty under 21 U.S.C. §§ 841(b) and 851. *See* Indictment [DE-1] at 4. This enhanced penalty exposed Coppedge to a mandatory minimum term of ten years' imprisonment and a maximum term of life imprisonment for Counts One and Six, to be served concurrently. Counts Two through Five were each punishable by not more than thirty years' imprisonment, to be served concurrently.

As noted, Coppedge was resentenced to 360 months' imprisonment on Counts One through Six, to be served concurrently. *See* Amended Judgment [DE-161]. This sentence conformed with the requirements of the FSA. An argument by Coppedge's appellate attorney that the penalties applicable under the FSA should have been applied would have been without merit because his sentence complied with the FSA. Coppedge has failed to raise a genuine issue of material fact under either prong of the *Strickland* standard. *See Moore,* 934 F.Supp. at 731 (holding that failure to raise a meritless argument can never amount to ineffective assistance). Consequently, the Government is entitled to summary judgment on Coppedge's sixth claim.

**2. Coppedge has failed to raise a genuine issue of material fact on his third claim.**

In his third claim, Coppedge alleges that in light of *Riley*, 134 S. Ct. at 2473, his Fourth Amendment rights were violated. Mem. Law [DE-221-1] at 6-9. Specifically, Coppedge

8

contends that when he was arrested, the police officers seized and searched his cell phone without a search warrant. *Id.* at 6-7.

This claim must fail because *Riley*[2] does not apply retroactively on collateral review. *See Cross v. Gilmore*, No. 1:15-CV-1114, 2016 WL 393952, at *4 (E.D. Va. Jan. 29, 2016) (holding that "not only has the Supreme Court not made *Riley* retroactive by express holding, but such a conclusion also does not follow by strict logical necessity from Supreme Court precedent"). Under *Teague v. Lane*, 489 U.S. 288 (1989), "[n]ew rules of constitutional criminal procedure are generally not applied retroactively on collateral review." *Burch v. Corcoran*, 273 F.3d 577, 584 (4th Cir. 2001) (internal quotation marks omitted and alteration in original). "[I]f the rule is new, then it does not apply retroactively unless it falls within one of the two narrow exceptions to the *Teague* bar." *United States v. Sanders*, 247 F.3d 139, 146-47 (4th Cir. 2001).

The first exception to the *Teague* bar applies if the new rule "places a class of private conduct beyond the power of the State to proscribe, . . . or addresses substantive categorical guarante[es] accorded by the Constitution, such as a rule prohibiting a certain category of punishment for a class of defendants because of their status or offense." *Frazer v. South Carolina*, 430 F.3d 696, 704 n.4 (4th Cir. 2005) (quoting *Saffle v. Parks*, 494 U.S. 484, 494 (1990) (citations omitted)). Although new rules of this type are sometimes referred to "as falling under an exception to *Teague's* bar on retroactive application on procedural rules . . . ; they are more accurately characterized as substantive rules not subject to the bar." *Schriro v. Summerlin*, 542 U.S. 348, 352 n.4 (2004) (internal citation omitted).

---

[2] In *Riley*, the Supreme Court held that the search of a cell phone seized incident to arrest presumptively requires a warrant. 134 S. Ct. at 2495.

9

The first exception to the *Teague* bar does not apply to Coppedge's case because *Riley* did not place the offense at issue in this case beyond the scope of the Government's authority to proscribe. *See Sanders*, 247 F.3d at 148 (citing *Jones v. Smith*, 231 F.3d 1227, 1237 (9th Cir. 2000) (holding that the first *Teague* exception did not apply to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because it did not proscribe the state's authority to punish attempted murder)). The rule in *Riley* is procedural because it regulates only the manner of determining the defendant's culpability. *Schriro*, 542 U.S. at 353.

The second exception to the *Teague* bar is for "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *O'Dell v. Netherland*, 521 U.S. 151, 157 (1999). The "class of rules" that satisfies the second *Teague* exception is "extremely narrow." *Schriro*, 542 U.S. at 352; *see also Billings v. Polk*, 441 F.3d 238, 243 n.1 (4th Cir. 2006); *Sanders*, 247 F.3d at 147. When assessing whether a new rule is a "watershed" rule for purposes of *Teague*, the test is whether the prior rule "so seriously diminishe[s] accuracy that there is an impermissibly large risk of punishing conduct the law does not reach." *Schriro*, 542 U.S. at 355-56 (internal citations and quotation marks omitted) (alteration in original). "[I]t is unlikely that many such rules remain undiscovered." *Sanders*, 247 F.3d at 148 (holding that the Supreme Court's ruling in *Apprendi* did not apply retroactively on collateral review and did not satisfy either of the exceptions to *Teague*). In light of the fact that "such procedures would be so central to an accurate determination of innocence or guilt, it [is] unlikely that many such components of basic due process have yet to emerge." *Graham v. Collins*, 506 U.S. 461, 478 (1993) (quotation marks omitted). Since *Teague*, the Supreme Court has not found a single rule that qualifies under the second exception. *Sanders*, 247 F.3d at 148.

10

In light of the high standard and the cases narrowly construing the second exception to the *Teague* bar, *Riley* does not qualify. Moreover, because *Riley* does not fall within either exception to the *Teague* bar, it does not apply retroactively on collateral review. Consequently, the Government is entitled to summary judgment on Coppedge's third claim.

**3. Coppedge has failed to raise a genuine issue of material fact on his fourth claim.**

In his fourth claim, Coppedge alleges that the jury received an erroneous instruction on aiding and abetting. Mem. Law [DE-221-1] at 9-11. Citing *Rosemond v. United States*, 134 S. Ct. 1240 (2014), Coppedge argues that the court's instruction was erroneous "because the instruction did not allow the intend [sic] to go to the specific and/or entire crime charged or to the full scope of the predicate crime plus drugs." *Id.* at 10.

The court concludes that *Rosemond* offers Coppedge no relief because it addressed what knowledge is required to show aiding and abetting an offense under 18 U.S.C. § 924(c), a different statute than his drug trafficking offenses. In *Rosemond*, the Supreme Court noted that "a person aids and abets a crime when (in addition to taking the requisite act) he intends to facilitate the offense's commission." *Rosemond*, 134 S. Ct. at 1248. Consistent with that idea, Coppedge's jury was instructed in relevant part as follows:

> [B]efore any defendant may be held criminally responsible for the acts of others, it is necessary that the defendant deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime.
> Of course, mere presence at the scene of a crime with knowledge that a crime is being committed is not sufficient to establish that a defendant either directed or aided and abetted the crime.
> Rather, you must find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.
> **In other words, you may not find the defendant guilty of aiding and abetting another person unless you find beyond a reasonable doubt, first, that some person or persons committed every element of the offense as**

11

**defined; and, second, that the defendant voluntarily participated in the commission of that offense with the intent to violate the law.**

*See* February 5, 2010 Tr. [DE-121] at 84-85.

In light of the court's instruction on aiding and abetting, which was consistent with *Rosemond*, Coppedge has failed to raise a genuine issue of material fact on whether the court provided an erroneous instruction. For this reason, the Government is entitled to summary judgment on Coppedge's fourth claim.

### 4. Coppedge has failed to raise a genuine issue of material fact on his fifth claim.

In his fifth claim, Coppedge alleges that his due process rights were violated when former detective and case agent Rose Edmonds was indicted and convicted for acts of misconduct similar to those used to bring his case. Mem. Law [DE-221-1] at 12-17. Coppedge contends that Edmonds failed to share with the jury that she was "corrupted," and this amounted to prosecutorial misconduct. *Id.* at 12. Citing *Giglio v. United States*, 405 U.S. 150 (1972), Coppedge argues that Edmonds should have informed the court and the jury that she likes to steal drug dealers' money. *Id.* at 14.

The prosecutor in Coppedge's case, W. Glenn Perry, states that Rose Edmonds, a former detective with the Greenville Police Department, was the lead case agent in Coppedge's case. Perry Decl. [DE-227-1] at 1. Coppedge's case was presented to the grand jury on or about July 9, 2009. *Id.* Coppedge pled not guilty on January 20, 2010. *Id.* A jury convicted Coppedge on all counts on February 5, 2010. *Id.* Coppedge's sentencing hearing was held on May 13, 2010, and his resentencing hearing was held on August 8, 2012. *Id.* In early November of 2012, Perry learned that an investigation was being conducted into Edmonds, which was based on allegations

12

that she had stolen money. *Id.* Prior to learning of the allegations in early November of 2012, Perry had never heard from other officers, attorneys, suspects, or defendants any information causing him to doubt Edmonds's credibility or veracity. *Id.*

The criminal conduct for which Edmonds was convicted occurred well after Coppedge's trial. As Coppedge acknowledges, Edmonds's original state indictment alleged that she engaged in illegal activity in October of 2012. Mem. Law [DE-221-1] at 13-14. In October of 2013, Edmonds pled guilty and was sentenced. *Id.* at 13-14.

Given that Coppedge's trial, sentencing, and resentencing occurred prior to the events charged in Edmonds's indictment and prior to the Government learning of the investigation into Edmonds, the Government did not violate *Giglio*, as Coppedge alleges, or *Brady v. Maryland*, 373 U.S. 83 (1963). Moreover, Coppedge has not shown a connection between Edmonds's convicted conduct and his case.

To the extent that Coppedge contends that the police falsified records or engaged in other misconduct, these claims could have been raised both during trial and on direct appeal. By failing to raise these claims on direct appeal, Coppedge has procedurally defaulted them. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) ("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal.") (citation and internal quotation marks omitted).

In light of the foregoing, Coppedge has failed to raise a genuine issue of material fact. Accordingly, the Government is entitled to summary judgment on Coppedge's fifth claim.

**5. Coppedge's seventh claim has already been litigated and is not cognizable on collateral review.**

In his seventh claim, Coppedge alleges that he is actually innocent of enhancements to his

13

advisory guideline range based on drug amounts, a leadership role, and a firearm. Mem. Law [DE-221-1] at 19-25.

These arguments were raised in Coppedge's appeal to the Fourth Circuit Court of Appeals and rejected by that court. *See* Unpublished Opinion [DE-184] at 2-4. Absent a change in the law, a petitioner cannot relitigate in collateral proceedings an issue that has been rejected on direct appeal. *See United States v. Roane*, 378 F.3d 382, 396 n.7 (4th Cir. 2004) (citing *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) (explaining that the defendant cannot relitigate issues previously rejected on direct appeal)). Coppedge has failed to cite a change in the law that warrants reconsideration of this claim.

This claim must fail because it is not cognizable on collateral review. *See United States v. Mikalajunas*, 186 F.3d 490, 496 (4th Cir. 1999) (holding that the "ordinary misapplication of the guidelines . . . does not amount to a miscarriage of justice"); *United States v. Pregent*, 190 F.3d 279, 283-84 (4th Cir. 1999). For these reasons, the Government is entitled to summary judgment on Coppedge's seventh claim.

**6. Coppedge's eighth claim is not cognizable on collateral review.**

Coppedge alleges in his eighth claim that he is actually innocent of being a career offender. Mem. Law [DE-221-1] at 25-27.

This claim must fail because "a mistaken career offender designation is not cognizable on collateral review." *United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015) (citing *United States v. Foote*, 784 F.3d 931, 932-33 (4th Cir. 2015)). Consequently, the Government is entitled to summary judgment on Coppedge's eighth claim.

**B. Coppedge's Motion for Stay**

14

Coppedge has also filed a Motion for Stay [DE-229]. In his motion, Coppedge contends that the Government has failed to address all the issues set forth in his § 2255 motion. *Id.* at 2. Coppedge argues that the Government's failure to address all of his claims entitles him to summary judgment as a matter of law. *Id.* at 3.

The court finds that Coppedge's motion lacks merit because the Government has adequately addressed each claim in his § 2255 motion. Consequently, Coppedge's Motion for Stay [DE-229] is DENIED.

### IV. Conclusion

For the foregoing reasons, the Government's Motion for Summary Judgment [DE-224] is ALLOWED, Coppedge's Motion to Vacate [DE-215, -219, -221] is DENIED, and Coppedge's Motion to Stay [DE-229] is DENIED.

A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). However, when a court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

In light of the applicable standard, the court concludes that Coppedge has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

15

SO ORDERED.

This the 17th day of May, 2016.

                                        _____
                                        James C. Fox
                                        Senior United States District Judge