# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### EASTERN DIVISION

### No. 4:09-CR-64-FL-1
### No. 4:15-CV-9-FL

AARON COPPEDGE,                        )
                                       )
            Petitioner,                )
                                       )
      v.                               )            ORDER
                                       )
UNITED STATES OF AMERICA,              )
                                       )
            Respondent.                )

This matter is before the court on petitioner's motions to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, as amended (DE 215, 219, 221), and the government's motions to dismiss and in the alternative for summary judgment (DE 224, 268). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States James E. Gates entered memorandum and recommendation ("M&R"), (DE 292), wherein it is recommended that the court deny petitioner's motions and grant the government's motions. Petitioner timely filed objections to the M&R, and in this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the M&R, denies petitioner's motions, and grants the government's motions.

## BACKGROUND

The court incorporates herein by reference the thorough background of this case set forth in the M&R. The court summarizes below key procedural facts as pertinent to the court's discussion herein. On February 5, 2010, a jury convicted petitioner of conspiracy to distribute and possess with intent to distribute cocaine base ("crack"), in violation of 21 U.S.C. § 846, four counts of distribution of crack, and one count of possession with intent to distribute crack, in violation of 21

U.S.C. § 841(a). This court sentenced petitioner to life imprisonment on May 13, 2010.[1]

Petitioner appealed, and the United States Court of Appeals for the Fourth Circuit affirmed the convictions, vacated the sentence, and remanded for resentencing in light of <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir.2011) (en banc). <u>See United States v. Coppedge</u>, 454 F. App'x 202, 208 (4th Cir. 2011). Upon resentencing, this court sentenced petitioner to 360 months imprisonment on all counts running concurrently. The Fourth Circuit affirmed the amended judgment. <u>United States v. Coppedge</u>, 535 F. App'x 288, 289 (4th Cir. 2013).[2]

Petitioner filed the instant motions in January and February, 2015, relying upon memoranda in support and attachments thereto, including affidavits by petitioner and co-defendant Roy C. Rhodes ("Rhodes"), as well as objections to presentence report submitted by petitioner's trial counsel Steven E. Hight ("Hight"). As summarized in the M&R, the claims raised by the instant motions are as follows:

1)      Counsel was ineffective in failing to request informant jury instruction.

2)      Counsel was ineffective in failing to argue that petitioner should be sentenced based upon drug type and quantity carrying the least statutory penalty.

3)      Counsel was ineffective in failing to raise the Fair Sentencing Act on appeal.

4)      Counsel was ineffective in failing to investigate an alibi witness.

5)      Counsel was ineffective with respect to entry into a plea agreement.

---

[1] This case originally was assigned to former Senior United States District Judge James C. Fox. Upon retirement of Judge Fox, this case was reassigned to the undersigned April 6, 2017.

[2] On March 7, 2016, this court granted a reduction in sentence due to an amendment of the United States Sentencing Guidelines from 360 months to 292 months on each count.

6)       Counsel was ineffective in failing to object at sentencing to a leadership enhancement.

7)       Search and seizure of petitioner's cell phone violated Fourth Amendment.

8)       Jury received erroneous instruction on aiding and abetting.

9)       Violation of due process because of criminal acts of a detective.

10)      Petitioner is actually innocent of sentencing enhancements.

11)      Petitioner is actually innocent of career offender enhancement.

12)      The government presented false testimony.

The government filed its first motion to dismiss or in the alternative for summary judgment on March 3, 2015, relying upon a declaration of W. Glenn Perry ("Perry"), Special Assistant United States Attorney.

On May 18, 2016, this court granted the government's first motion to dismiss and denied petitioner's motions. Petitioner appealed, and the Fourth Circuit dismissed the appeal and remanded for further consideration, on the basis that the district court did not rule on four claims raised in petitioner's corrected § 2255 motion. See United States v. Coppedge, 676 F. App'x 213, 214 (4th Cir. 2017).

Upon remand, the government filed the instant second motion to dismiss or in the alternative for summary judgment, relying upon a declaration of Hight. The court set the matter for evidentiary hearing and appointed counsel to represent petitioner at such hearing. At hearing petitioner testified, and the government presented testimony of Hight, as well as exhibits including documents already in the record and a copy of the plea agreement offered to petitioner by the United States Attorney's Office.

M&R entered July 6, 2018. Defendant filed objections through counsel on August 3, 2018, as well as pro se objections on September 12, 2018. The government filed response to objections on September 7, 2018.

## COURT'S DISCUSSION

A.     Standard of Review

The district court reviews de novo those portions of the M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent

with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.     Analysis

1.     Claims addressed in M&R

The M&R thoroughly and cogently discusses twelve claims raised by petitioner's motions, including amendments thereto raised at hearing. Petitioner does not raise specific objections to the magistrate judge's analysis of these claims. Upon careful review of the M&R and the record in this case, finding the analysis of the M&R correct, the court adopts the M&R. The court writes separately to augment the analysis of the M&R in light of arguments raised in petitioner's objections.

2.     Arguments raised in objections

Petitioner's objections contain arguments attacking petitioner's conviction and sentence not falling squarely within claims raised in petitioner's instant § 2255 motions and addressed in the M&R. As such these objections are construed as seeking to amend petitioner's § 2255 motions to raise proposed new claims. Proposed new § 2255 claims raised after the expiration of the statutory limitations period generally are time barred and must be dismissed unless they "relate back" to timely asserted claims by "ar[ising] out of the conduct, transaction, or occurrence set forth in the original pleading." United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000) (quotations omitted).

A comparison of petitioner's original claims and proposed new claims demonstrates that some claims relate back, while others do not. Petitioner's proposed new claims may be summarized as follows:

1)     Sentencing enhancement under 18 U.S.C. § 851 was improperly applied.

2) Counsel was ineffective in giving advice about entry into plea agreement because petitioner could not have received a 20 year sentence had he pleaded guilty.

3) There was insufficient evidence of a conspiracy commencing prior to April 16, 2009.

4) Testimony by investigating officer should not have been used to support convictions or sentencing based upon conspiracy commencing prior to April 16, 2009.

5) Testimony by co-conspirator, Antonio Rouse, was false.

6) Counsel was ineffective by failing to challenge use of trafficking by possession conviction as a predicate for his 18 U.S.C. § 851 enhancement.

7) Counsel was ineffective in advising petitioner regarding the consequences of pleading on the mandatory minimum sentence.

   a.    Claims relating back

Petitioner's proposed new claims raising ineffective assistance of counsel in advising petitioner at plea and making arguments at sentencing may relate back to petitioner's original claims of ineffective assistance of counsel. The proposed new claims, however, must be dismissed as futile because they fail on the same basis as petitioner's original ineffective assistance of counsel claims that are addressed in the M&R.

Analysis of an ineffective assistance of counsel claim requires application of the two-part test established by <u>Strickland v. Washington</u>, 466 U.S. 668, 690-94 (1984). First, the petitioner must show that his counsel's performance was deficient in that it fell below the standard of reasonably

effective assistance.  Id. at 687-691.  Second, the petitioner must show that there is a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different. Id. at 694.  The Sixth Amendment provides a criminal defendant with the right to competent counsel that "extends to the plea-bargaining process."  Lafler v. Cooper, 566 U.S. 156, 162 (2012).

Based upon the findings of fact and credibility determinations in the M&R, counsel provided reasonable advice to petitioner about entry into a plea agreement, and petitioner has not demonstrated a reasonable probability that the "outcome of the plea process would have been different with competent advice."  Id. at 163.   With respect to advice provided at the time of plea and arguments raised at sentencing, petitioner has not demonstrated that any advice provided by his trial counsel was incorrect, or arguments advanced by his trial counsel were unreasonable, in light of the law as it existed prior to trial and sentencing.

The premise of petitioner's new proposed ineffective assistance of counsel claims, that there was no basis for any § 851 enhanced mandatory minimum, is incorrect, based on the law as it existed at time of plea, trial, and sentencings. Indeed, with respect to the calculation of the statutory penalties and sentencing determination, the Fourth Circuit observed upon initial appeal that, but for Simmons, it had "no criticism of the district court or the Government, both of which dutifully applied authoritative Circuit precedent at the time of [petitioner's] prosecution and sentencing." United States v. Coppedge, 454 F. App'x 202, 207 n. 2 (4th Cir. 2011).  The case cited by petitioner in support of this premise, United States v. Brandon, 247 F.3d 186 (4th Cir. 2001), is inapposite because it applies a different statutory definition of "serious drug offense" under the Armed Career Criminal act.  Id. at 188, 191.

Petitioner also has not demonstrated that the outcome of the plea process or sentencing

would have been different but for the advice or performance of counsel. It is noteworthy in this respect that petitioner refused to accept the plea agreement offered by the government, where it would have required cooperation, and the government did not offer a plea agreement on any more favorable terms. (See M&R 27, 29-31). Statutory penalties for the conspiracy count, absent any § 851 enhancement in place at the time of plea offer, were set forth in the proposed plea agreement offered by the government. (DE 288-3 at 4). Statutory penalties for the conspiracy count, with the § 851 enhancement in place at the time of not guilty plea, also were set forth by court at arraignment. (Tr. (DE 117) at 18).

In sum, where petitioner's proposed new claims relating to ineffective assistance of counsel fail on the basis of the analysis in the M&R and the record in this case, such claims must be dismissed as futile. Petitioner's related claim that the § 851 enhancement improperly was applied in determining petitioner's sentence must be dismissed because it is procedurally defaulted and without merit.

> b.    Claims not relating back

Petitioner's remaining newly proposed claims asserted in objections do not relate back to the original claims in petitioner's § 2255 motions, because they do not "arise out of the conduct, transaction, or occurrence set forth in" petitioner's original claims. Pittman, 209 F.3d at 317. They advance, instead, new alleged reasons why the evidence against petitioner was improper or insufficient to convict him of the charged offenses. Accordingly, petitioner's remaining newly proposed claims must be dismissed as untimely. See id. In addition, these claims must be dismissed as  procedurally defaulted, because petitioner could have raised them on appeal, and he has not shown cause and prejudice for failure so to do, or actual innocence. See Bousley v. United States,

523 U.S. 614, 622 (1998).

3.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

For the foregoing reasons, the court ADOPTS the M&R. Petitioner's motions (DE 215, 219, 221) are DENIED, and the government's motions for summary judgment (DE 224, 268) are GRANTED. A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 3rd day of April, 2019.


LOUISE W. FLANAGAN
United States District Judge

9